UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STEVIE WAYNE JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-232** |
| **LYLE W. CAYCE, ET AL.** | **SECTION "I" (1)** |

### REPORT AND RECOMMENDATION

Plaintiff, Stevie Wayne Johnson, a federal prisoner, filed this *pro se* and *in forma pauperis* civil action against Lyle W. Cayce and Jann M. Wynne. Defendants are, respectively, the Clerk and a Deputy Clerk of the United States Fifth Circuit Court of Appeals. Claiming that defendants violated his right of access to the courts by refusing to file his *pro se* motions, plaintiff seeks monetary damages and declaratory relief.

Currently before the Court are motions filed by the parties. Specifically, plaintiff has filed a motion for summary judgment,[1] which defendants have opposed,[2] and defendants have filed a motion to dismiss,[3] which plaintiff has likewise opposed.[4]

---

[1] Rec. Doc. 8.

[2] Rec. Doc. 11.

[3] Rec. Doc. 9.

[4] Rec. Doc. 12.

The record reflects that, on July 30, 2002, a three-judge panel of the United States Fifth Circuit Court of Appeals affirmed plaintiff's federal criminal convictions for conspiracy to distribute and possess with intent to distribute cocaine.[5] The mandate thereafter issued on August 21, 2002.[6]

On October 19, 2010, plaintiff submitted to the Clerk of the Court of Appeals a motion to recall that mandate.[7] On October 25, 2010, Wynne, acting on behalf of Cayce, notified plaintiff that no action was being taken on the motion in light of the fact that the case had been closed since 2002.[8] Plaintiff thereafter submitted a motion for reconsideration.[9] On November 9, 2010, Wynne, again acting on behalf of Cayce, notified plaintiff: "We received your pro se appellant's motion for reconsideration. This court no longer has jurisdiction, in light of the case being closed since 8/2002. In light of this, we are taking no action on this motion."[10] Plaintiff then filed this federal lawsuit, claiming that defendants' refusal to file his motions for review by a judge or judges violated his right of access to the courts.

After the lawsuit was filed, Circuit Judge E. Grady Jolly entered an order denying plaintiff's motion for reconsideration of the Clerk's ruling on the motion to recall the mandate.[11] Defendants

---

[5]   Rec. Doc. 1-1, pp. 44-45.

[6]   Rec. Doc. 1-1, p. 46.

[7]   Rec. Doc. 1-1, pp. 2-60.

[8]   Rec. Doc. 1-2, p. 2.

[9]   Rec. Doc. 1-2, pp. 5-27.

[10]   Rec. Doc. 1-2, p. 28.

[11]   Rec. Doc. 9-2, p. 1.

argue that, in light of Judge Jolly's order, plaintiff cannot demonstrate the requisite injury necessary to pursue and be granted damages or other relief by this Court. Plaintiff contends otherwise, arguing that Judge Jolly's order is illegal because plaintiff never authorized the belated filing of his motion for reconsideration after this lawsuit was filed.

To the extent that plaintiff is claiming that his rights were violated because the motion to recall the mandate was in essence adjudicated by the Clerk's Office rather than by circuit judges, Judge Jolly effectively found that the Clerk's Office acted in accordance with the Court of Appeals' procedures. Therefore, as defendants note, their actions have been found to be proper and, accordingly, plaintiff has sustained no requisite actionable injury.

To the extent that plaintiff tries to avoid this result by arguing that Judge Jolly's order was erroneous or otherwise improper, that is not for this Court to decide. This Court cannot invalidate or otherwise second-guess Judge Jolly's interpretation of the rules of his own court or his supervision of that court's administrative staff. A federal district court simply has no such authority over the United States Courts of Appeals, the United States Supreme Court, or the judges, justices, or administrative officers of those higher courts. As one federal Circuit Court noted in an analogous action which had been filed against the Clerk of the United States Supreme Court:

> We are aware of no authority for the proposition that a lower court may compel the Clerk of the Supreme Court to take any action. The Supreme Court, on the other hand, has inherent supervisory authority over its Clerk. Thus, it is the right and duty of the Supreme Court to correct the irregularities of its officer and compel him to perform his duty. We believe that this supervisory responsibility is exclusive to the Supreme Court and that neither a district court nor a circuit court of appeals has jurisdiction to interfere with it by mandamus or otherwise.

*In re* Marin, 956 F.2d 339, 340 (D.C. Cir. 1992) (citations quotation marks, brackets, and ellipsis omitted).  See also Caprice v. United States, 2011 WL 902128, at *1 (D.D.C. Mar. 14, 2011) ("[A federal district court] has no authority to determine what action, if any, must be taken by the Justices of the Supreme Court and the Supreme Court's administrative officers with respect to plaintiff's petition."); Coggins v. Suter, Civ. Action No. 3:08-CV-775, 2008 WL 4826284, at *2 (M.D. Ala. Nov. 5, 2008) ("The lower courts lack supervisory authority over Supreme Court clerks ...."); Morris v. Fulbruge, Civ. Action No. 07-5429, 2008 WL 4059069, at *4 (E.D. La. May 27, 2008) ("[I]t is not appropriate for this subordinate court to second-guess the Court of Appeals' interpretation of its own rules or direct the actions of its judges or officers."); Carr v. Mahone, Civ. Action No. H-08-0132, 2008 WL 375501, at *4 (S.D. Tex. Feb. 11, 2008) ("[A federal district court] lacks jurisdiction to force the Supreme Court – or any other court – to reconsider its own rulings.  Indeed, it is well established that a district court lacks authority to compel judges and other court officials to take any action."); Evans v. Suter, Civ. Action No. H-07-1557, 2007 WL 1888308, at *3 (S.D. Tex. June 29, 2007) ("A district court lacks authority to compel judges and other court officials to take any action."), aff'd, 260 Fed. App'x 726 (5th Cir. 2007).

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's motion for summary judgment, Rec. Doc. 8, be **DENIED**.

It is **FURTHER RECOMMENDED** that defendants' motion to dismiss, Rec. Doc. 9, be **GRANTED** and that plaintiff's claims be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[12]

New Orleans, Louisiana, this sixteenth day of June, 2011.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[12] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.